UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Deangelo Privott,<br><br>    Plaintiff,<br><br>v.<br><br>Revco Solutions, Inc.,<br><br>    Defendant. | Case No. 2:24-cv-00413<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Deangelo Privott ("Deangelo"), is a natural person who resided in Raleigh, North Carolina, at all times relevant to this action.

2. Defendant, Revco Solutions, Inc. ("Revco"), is a Delaware corporation that maintained its principal place of business in Jacksonville, Florida and had an office in Columbus, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Plaintiff is permitted to bring an FCCPA action against Revco in this Court because the FCCPA applies to Florida debt collectors, even when they are communicating with a non-Florida resident in connection with the collection of a debt. *See Bank of Am., N.A.*, 2016 WL 2897410, *11 (S.D. Fla. May 18, 2016); *citing Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen.*, 761 So.2d 1256 (Fla. Dist. Ct. App. 3d 2000); *see also Mlynek v. Household Fin. Corp.*, 2000 WL 1310666, *4-5 (N.D. Ill. Sep. 13, 2000) (allowing Illinois resident to bring FCCPA action).

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

8. At all times relevant to this action, Revco collected consumer debts.

9. Revco regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10. The principal source of Revco's revenue is debt collection.

11. Revco meets the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent*, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases).

12. As described, *infra*, Revco contacted Deangelo to collect a debt that was incurred primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Deangelo is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. On or around December 14, 2023, Revco sent a text message to Deangelo in an attempt to collect a debt.

16. In response, on December 19, 2023, Deangelo replied to Revco's text stating that he refused to pay the debt.

17. Additionally, Deangelo requested that Revco cease contact with him.

18. Instead of honoring Deangelo's request to cease contact, Revco sent a follow-up text message that did not contain a clear and conspicuous opt out mechanism.

19. On information and belief, it is the policy and practice of Revco to send text messages using one-way communication messaging that inhibits the ability of consumers like Deangelo to enforce their federal rights and/or make their federally protected communication preferences known.

20. Revco followed those policies and procedures, here, which caused Deangelo to be contacted contrary to his clear instructions.

## ARTICLE III STANDING

21. Deangelo has Article III standing to bring his FDCPA claim against Revco because Revco's unwanted text message constitutes an unwanted intrusion upon his solitude, seclusion, and peace and quiet, which are common law analogues to the FDCPA violations asserted below. *See Vazzano v. Receivable Mgmt. Servs., LLC,* 621 F. Supp. 3d 700, 709 (N.D. Tex. 2022) (receiving an unwanted letter "has a 'close relationship' to the type of

3

harm protected by the common law tort of intrusion upon seclusion (protecting against intrusion into private solitude)) (citing *TransUnion v. Ramirez,* ----- U.S. ------, 141 S. Ct. 2190, 2204 (2021)) (also citing *Gadelhak v. AT&T Servs., Inc.,* 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) ("The harm posed by unwanted text messages is analogous to that type of intrusive invasion of privacy.")).

22. Moreover, the emotional distress Deangelo has experienced is a sufficient concrete injury to establish Article III standing. See *Mayfield v. LTD Fin. Servs., L.P.*, No. 4:20-CV-01966, 2021 WL 4481089, at *4 (S.D. Tex. Sept. 30, 2021) (citing *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 169 (5th Cir. 2016) ("[E]motional harm satisfies the 'injury in fact' requirement of constitutional standing.")) (additional internal quotation marks omitted); *see also* Smith v. Moss Law Firm, P.C., No. 18-2449, 2020 WL 584617, at *5 (N.D. Tex. Feb. 6, 2020) ("legal costs, anxiety, and worry" caused by defendant's alleged FDCPA violation were concrete and particularized injuries for purposes of FDCPA claim).

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff re-alleges and incorporates by reference Paragraphs 8 through 22 above as if fully set forth herein.

24. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 8 through 22 above as if fully set forth herein.

26. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

27. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

28. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

29. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 8 through 22 above as if fully set forth herein.

31. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Ohio Consumer Sales Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 8 through 22 above as if fully set forth herein.

33. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

34. Defendant's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 and the substantive rules promulgated under the OCSPA.

35. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

## COUNT FIVE

### Violation of the Florida Consumer Collection Practices Act

36. Plaintiff re-alleges and incorporates by reference Paragraphs 8 through 22 above as if fully set forth herein.

37. At all times relevant to this action, Revco is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

38. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

39. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

40. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

41. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

42. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

43. Based upon the willful, intentional, knowing, grossly negligent, repetitive and continuous conduct as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

## **JURY DEMAND**

44. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

45. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant under the OCSPA for treble damages, actual damages, non-economic damages, punitive damages and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Plaintiff.

    c. Judgment against Defendant for actual damages, statutory damages, costs, reasonable attorney's fees, and punitive damages pursuant to Fla. Stat. §§ 559.77 and 768.72

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: February 1, 2024    By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq. (0079315)
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*