UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEANGELO PRIVOTT,** *et al.***,**

      **Plaintiffs,**

   v.

**REVCO SOLUTIONS, INC.,**

      **Defendant.**

:

:

:

Case No. 2:24-cv-413
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Deangelo Privott and Michael Patterson bring this action against Revco Solutions, Inc. for alleged violations of various consumer debt collection acts arising under federal and state laws. (Am. Compl., ECF No. 8.) Now before the Court is Revco's Motion to Dismiss for Lack of Personal Jurisdiction. (Mot., ECF No. 11.) The Motion is fully briefed and ripe for decision. For the reasons below, the Motion to Dismiss is **GRANTED**.

### I.    FACTUAL BACKGROUND

The following allegations, taken from the Amended Complaint, are considered as true for the purposes of the instant Motion. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

At all relevant times, Mr. Privott resided in Raleigh, North Carolina and Mr. Patterson resided in Dunlap, Tennessee. (Am. Compl., at ¶ 1-2.) Revco is a Delaware corporation with its principal place of business in Jacksonville, Florida; it collects consumer debts. (*Id.*, at ¶ 3, 32.)

To collect a consumer debt, Revco sent a text message to Mr. Privott on December 19, 2023. (*Id.*, at ¶ 47.) Five days later, Mr. Privott replied, stating that he would not pay the debt and requested Revco to stop communicating with him. (*Id.*, at ¶ 48-49.) Rather than ceasing its contact with Mr. Privott, Revco responded that Mr. Privott could contact Revco by a telephone call or on a payment portal. (*Id.*, at ¶ 51.) Mr. Privott alleges that the text messages did not "contain a clear and conspicuous opt out mechanism." (*Id.*, at ¶ 50.)

Mr. Patterson had a similar experience. He alleges that on February 26, 2024, Revco sent him a text message about a debt collection. (*Id.*, at ¶ 53.) Mr. Patterson replied to Revco's text message within 23 minutes, refusing to pay the debt and requesting that Revco cease contacting him. (*Id.*, at ¶ 54.) Mr. Patterson also received a follow up text message directing him to call or visit the payment portal. (*Id.*, at ¶ 57.)

Plaintiffs allege that Revco's policies and procedures caused them to be contacted despite their requests to be left alone. (*Id.*, at ¶ 40.) Mr. Privott asserts four claims: Counts 1 – 3 are for violations of the Fair Debt Collection Practices Act ("FDCPA") and Count 4 is for violation of the Florida Consumer Collection Practices Act ("FCCPA"). Mr. Patterson asserts six claims: Counts 5-7 are for violations of the FDCPA; Counts 8 and 9 are for violations of the North Carolina Debt Collection Act; and Count 10 is for violation of the FCCPA.

## II.     LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of a lawsuit when a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P.

12(b)(2). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If a court rules on a Rule 12(b)(2) motion before trial, "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005) (citation omitted). "[T]he decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006) (citation omitted). Here, the Court concludes that neither discovery nor an evidentiary hearing are necessary to rule on Revco's Motion.

When a court resolves a Rule 12(b)(2) motion based on "written submissions and affidavits . . . , rather than resolving the motion after an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Theunissen*, 935 F.2d at 1458). A plaintiff can meet its burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen*

3

*Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal quotation and citation omitted). Without an evidentiary hearing, courts apply a set *prima facie* standard, weighing the evidence in the light most favorable to the plaintiff. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). Nonetheless, the court may consider a defendant's undisputed factual assertions. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). If "there does not appear to be any real dispute over the facts relating to jurisdiction, the *prima facie* proposition loses some of its significance." *Id.* (internal quotations and citation omitted).

## III. ANALYSIS

"Federal courts ordinarily follow state law in determining the bounds of their personal jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Where, as here, subject-matter jurisdiction is based on a federal question, a court may exercise personal jurisdiction over a defendant only if it is "both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (citation omitted). Ohio's long-arm statute does not authorize this Court's exercise of personal jurisdiction over Revco.

**Ohio's Long-Arm Statute**

The Fourteenth Amendment's Due Process Clause recognizes two types of personal jurisdiction—general and specific—either one of which is adequate to confer jurisdiction over a defendant. *Goodyear Dunlop Tires Operations, S.A. v.*

4

*Brown*, 564 U.S. 915, 919 (2011). Plaintiffs argue that this Court has general personal jurisdiction over Revco.[1]

Courts have previously interpreted Ohio's long-arm statute to foreclose the exercise of general jurisdiction over non-resident defendants. *Conn*, 667 F.3d at 712. However, the statute was amended in 2021, to provide that "[in] addition to a court's exercise of personal jurisdiction under [§ 2307.382(A)]. . . , a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution." Ohio Rev. Code § 2307.382(C). Thus, "while subsection (A) continues to govern the principle of specific jurisdiction in Ohio," this new language appears to adopt the concept of general jurisdiction over a non-resident defendant. *Newton v. Kardashian*, 2024 WL 4544328, *5 (N.D. Ohio Oct. 22, 2024) (subsection (C) allows "the exercise of general jurisdiction over non-resident defendants where the Constitution permits.") (citing *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l*, Inc., 539 F. Supp. 3d 822, 827 n.2 (S.D. Ohio 2021) (Newman, J.); *see also 3M Co. v. Premium Contr. Sol.*, LLC, 2021 WL 3737908, at *4 (S.D. Ohio Aug. 24, 2021) (Rose, J.)). To date, the Supreme Court of Ohio has not addressed the effect of the amendment to subsection (C) of Ohio's long-arm statute. *Leyman v. Amazon Logistics, Inc.*, 2024 WL 2962784, *4 (S.D. Ohio June 12, 2024) (Dlott, J.). Nevertheless, consistent with *Newton*, this Court interprets the amended

---

[1] A plaintiff waives specific jurisdiction when they fail to assert an argument in support of specific personal jurisdiction. *See, e.g., Baker v. Bensalz Prods., Inc.*, 480 F. Supp. 3d 792, 804 n.7 (S.D. Ohio 2020) (Cole, J.). Plaintiffs in this case assert only that the Court has general jurisdiction over Revco.

5

long-arm statute to provide for general jurisdiction. *Newton*, 2024 WL 4544328 at *5.

### General Jurisdiction

"If a court has general jurisdiction over a defendant, it can adjudicate any claims involving that defendant, regardless of where the cause of action arose." *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home[,]" such as the corporation's place of incorporation and its principal place of business. *Goodyear*, 564 U.S. at 924.

Another situation in which a court may have general jurisdiction over a corporation, even when its principal place of business and incorporation are not in the forum state, is when the company has "systematic and continuous" contacts with the state to make the company "at home." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). But this is a high bar. For example, in *BNSF*, the plaintiff tried to establish general jurisdiction over the defendant by relying on the defendant's business activities in Montana (the forum state), including employing over 2,000 people and a physical presence that included railroad tracks stretching across 2,000 miles in Montana. *Id*. The Supreme Court rejected the plaintiff's argument because "the [jurisdictional] inquiry calls for 'an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *Id*. at 414 (quoting *Daimler*, 571 U. S. at 127).

6

Plaintiffs base their general personal jurisdiction argument on three things: 1) Revco "transacts business" in Ohio under subsection 2307.382(A), 2) Revco's predecessor has historical ties to Ohio; and 3) Revco has been subjected to personal jurisdiction in other Ohio cases. All of Plaintiffs' arguments fail.

First, Plaintiffs contend that general personal jurisdiction exists because Revco regularly conducts business in Ohio (Opp. to Motion, ECF No. 12), citing the Ohio long-arm statute at subsection 2307.382(A). But subsection 2307.382(A) applies to *specific* personal jurisdiction, not general. *Kehoe Component Sales, inc. v. Best Lighting Prods.*, 2009 WL 2591757, *3 (S.D. Ohio Aug. 19, 2009) (Graham, J.) ("The Ohio Long-Arm Statute allows for specific personal jurisdiction over any person who conducts business in the state of Ohio." O.R.C. § 2307.382(A)(1)). Thus, to use R.C. 2307.382(A) as the hook for personal jurisdiction, the claims must arise out of Revco's conduct in Ohio; Plaintiffs' claims do not.

Second, Plaintiffs allege that Revco's historical ties to Ohio from its predecessor company (Credit Bureau Collection Services, Inc. ("CBCS")) support finding general personal jurisdiction. It is true that the Sixth Circuit has held that a court may impute personal jurisdiction upon a defendant corporation when its predecessor was subject to the court's personal jurisdiction. *See Duris v. Erato Shipping*, Inc., 684 F.2d 352, 356 (6th Cir. 1982) ("if [plaintiff] can establish [the predecessor company's] Ohio contacts sufficient to gain [personal] jurisdiction over [predecessor company], he may thereby gain jurisdiction over [the defendant successor company].") But the court must consider the nature of the predecessor's

7

contacts with the forum state at the time the cause of action accrued. *William Powell Co. v. Aviva Ins. Ltd.*, 2024 U.S. Dist. LEXIS 163528, *12-13 (S.D. Ohio Sept. 11, 2024) (Bowman, J.); *See also Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir.2008); *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002). *Duris, Inc.*, 684 F.2d at 356. The earliest the claims in this case arose was in December 2023, when Mr. Privott alleges that he received a text message from Revco. By that date, CBCS was operating as Revco, with its place of incorporation and principal place of business outside of Ohio. Plaintiffs do not allege CBCS's historical business activities in Ohio led to their claims. Revco's historical Ohio ties are not grounds to confer general jurisdiction over Revco.

Finally, to the extent Plaintiffs rely on another lawsuit filed in this Court against Revco to establish general jurisdiction, they fail to establish general jurisdiction over Revco. Plaintiffs cite to a single case that was filed in the Eastern Division of this Court. (*Doucet v. Revco Solutions, Inc., et al,* 2:24-cv-01367-MHW-EPD.) Plaintiffs in this case argue that, in *Doucet,* an Ohio resident claimed Revco engaged in debt collection activities in Ohio. (Opp. to Motion, ECF No. 12). They also allege that another Ohio claimant represented by their counsel plans to file a complaint against Revco for actions taken in Ohio. (*Id.*) But being named a defendant in one case (or even many cases) without more in a particular jurisdiction does not create general jurisdiction in that forum for that defendant. Revco may be

8

subject to specific personal jurisdiction in this Court, but that does not create general jurisdiction over it.

This Court does not have personal jurisdiction over Revco.

## IV. CONCLUSION

For the reasons set forth above, Defendant Revco's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**